JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Quantz Walton

**DEFENDANTS**

Midland Funding, LLC

**(b)** County of Residence of First Listed Plaintiff    Philadelphia, PA

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Diego, CA

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Fred Davis, Esq. - Davis Consumer Law Firm, 500 Office Ctr Drive, Suite 400, Ft. Washington PA 19034 1-855-432-8475

Attorneys (If Known)

Lawrence J. Bartel, Esquire, 2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits.<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 195 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☒ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing / Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities– Employment<br>☐ 446 Amer. w/Disabilities– Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

47 U.S.C. § 227, et seq. and 15 U.S.C. § 1692, et seq.

Brief description of cause:

Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE    August 11, 2014

SIGNATURE OF ATTORNEY OF RECORD    *Lawrence J. Bartel*

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:      U.S. Civil Statute: 47 USC 553
                                                     Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**QUANTZ WALTON,**

     Plaintiff,

 **vs.**

**MIDLAND FUNDING, LLC,**

     Defendant.

**Civil Action No.**

<u>**NOTICE OF REMOVAL**</u>

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, Midland Funding, LLC (hereinafter "MF"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby removes the action captioned as <u>Quantz Walton v. Midland Funding, LLC</u>, docket no. 001783-2014, as filed in the Court of Common Pleas for Philadelphia County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

 1. On or about July 16, 2014 Plaintiff filed the Action in the Court of Common Pleas for Philadelphia County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

 2. MF first received notice of the Action on July 21, 2014, when it was served with Plaintiff's Complaint.

3.      Based on the foregoing, MF has timely filed this Notice of Removal within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable.  See 28 U.S.C. § 1446(b).

4.      The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Asset pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged that MF violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting claims that arise under federal law.

5.      In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Philadelphia County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.      Pursuant to 28 U.S.C. § 1446(d), MF will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Philadelphia County Court of Common Pleas.

**WHEREFORE**, Defendant, Midland Funding, LLC notifies this Court that this Action is removed from the Court of Common Pleas for Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By: _Lawrence J. Bartel_

Lawrence J. Bartel, ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2780 / (215) 575-0856 (f)
Ljbartel@mdwcg.com
Attorneys for Defendant
Midland Funding, LLC

Dated: August 11, 2014

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**QUANTZ WALTON,**

              Plaintiff,

   **vs.**

**MIDLAND FUNDING, LLC,**

              Defendant.

**Civil Action No.**

**CERTIFICATE OF SERVICE**

I, Lawrence J. Bartel, Esquire, do hereby certify that a true and correct copy of Defendant, Midland Funding, LLC's **Notice of Removal** was served upon the below-listed counsel of record by regular mail on August 11, 2014:

      Fred Davis, Esquire
      Davis consumer Law Firm, LLC
      500 Office Center Drive, Suite 400
      Ft. Washington, PA 19034
      Attorneys for Plaintiff
      Quantz Walton

                  **MARSHALL DENNEHEY WARNER
                  COLEMAN & GOGGIN, P.C.**

        By:    *Lawrence J. Bartel*
                  Lawrence J. Bartel, ESQUIRE
                  Attorneys for Defendant
                  Midland Funding, LLC

Dated:  <u>August 11, 2014</u>

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JULY 2014

E-Filing Number: 1407026108

**001738**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| QUANTZ WALTON | MIDLAND FUNDING LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 316 W. EARLHAM TERRACE PHILA PHILA PA 19144 | 8875 AERO DRIVE-SUITE 200 SAN DIEGO CA 92123 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**

[X] $50,000.00 or less
[ ] More than $50,000.00

**COURT PROGRAMS**

[X] Arbitration       [ ] Mass Tort          [ ] Commerce          [ ] Settlement
[ ] Jury              [ ] Savings Action     [ ] Minor Court Appeal [ ] Minors
[ ] Non-Jury          [ ] Petition           [ ] Statutory Appeals  [ ] W/D/Survival
[ ] Other:

**CASE TYPE AND CODE**

10 - CONTRACTS OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED PRO PROTHY**<br><br>JUL **16** 2014<br><br>**K. EDWARDS** | YES       NO |

---

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: QUANTZ WALTON

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| FRED E. DAVIS | 500 OFFICE CTR DR SUITE 400 FT. WASHINGTON PA 19034 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (855)432-8475 | (855)435-9294 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 93907 | freddavis04@aol.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| FRED DAVIS | Wednesday, July 16, 2014, 12:38 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 04/15/2015
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing. the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

Fred Davis, Esquire
Identification No. 93907
DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED.

QUANTZ WALTON
316 W. Earlham Terrace
PHILADELPHIA, PA
19144

*Plaintiff*

v.

MIDLAND FUNDING LLC
8875 Aero Drive-Suite 200
San Diego, CA
92123

*Defendant*

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

CIVIL ACTION

DOCKET NO.:

### NOTICE TO DEFEND
### CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Case ID: 140701738

### PHILADELPHIA COUNTY BAR ASSOCIATION-LAWYER REFERRAL & INFO SERVICE

Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Philadelphia
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

Case ID: 140701738

Fred Davis, Esquire
Identification No. 93907
DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION
MATTER.  ASSESSMENT OF
DAMAGES HEARING IS
REQUESTED.

| | |
|---|---|
| QUANTZ WALTON<br>316 W. Earlham Terrace<br>PHILADELPHIA, PA<br>19144<br><br>*Plaintiff*<br><br>*v.*<br><br>MIDLAND FUNDING LLC<br>8875 Aero Drive-Suite 200<br>San Diego, CA<br>92123<br><br>*Defendant* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>CIVIL ACTION<br><br><br>DOCKET NO.: |

## COMPLAINT

1.  Plaintiff, QUANTZ WALTON, is an adult individual

citizen and legal resident of the State of Pennsylvania, living at 316 W. Earlham Terrace,

Phila, Pa 19144.

2.  Defendant, MIDLAND FUNDING LLC, is a business corporation

qualified to and regularly conducting business in, the Commonwealth of Pennsylvania,

with its legal residence and principal place of business at 8875 Aero Drive-Suite 200, San

Diego, CA 92123. Defendant can be served at that address.

3.  Plaintiff avers that at all times material hereto, Defendant acted by

and through its authorized agents, servants, officers, and/or employees, including

Defendant, all of whom were acting within the scope of their employment.

Case ID: 140701738

## JURISDICTION AND VENUE

4.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5.     Defendant regularly conducts business in the State of Pennsylvania and in the County of Philadelphia, therefore, personal jurisdiction is established.

6.     Venue is proper in Philadelphia County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179.

7.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8.     Plaintiff is a natural person residing in Philadelphia, PA.

9.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.    Defendant, MIDLAND FUNDING LLC, is a company handling debt collection matters with headquarters located at 8875 Aero Drive-Suite 200, San Diego, CA 19144.

11.    Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

12.    Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.    On or about January 14, 2014, Defendant filed a lawsuit against Plaintiff in the Philadelphia Municipal Court.  The suit sought damages of $1,379.04, allegedly arising from an account originally issued by "CAPITAL ONE BANK USA". See Exhibit "A".

14.    In support of the lawsuit. Defendant produced a verification from "Rhonda Schubloom", who claimed to be employed by Defendant as a legal specialist". See exhibit "B".

15.    Mrs. Schubloom testified that "MCM's (Defendant's) records" show that Plaintiff-Walton owed a balance of $1,323.04 as of November 27, 2013. Id.

16.    Defendant also submitted documentation in the form of a letter it had previously sent Plaintiff, which claimed that as of May 5, 2013, a balance of $1,965.17 was owed. See exhibit "C".

17.    After Municipal Court trial, judgment was entered in Plaintiff-Walton's favor. See exhibit "D".

18.    Plaintiff alleges and avers that Defendant repeatedly and knowingly sought to collect amounts not authorized by contract or law.

19.    Plaintiff alleges and avers that Defendant repeatedly and knowingly misrepresented the nature and legal status of the alleged debt.

20.    Plaintiff further alleges and avers that Defendant-Midland 's conduct includes, but is not limited to, making or causing to be made or caused to be made numerous, offensive phone calls to Plaintiff attempting to collect the alleged "debt".

21.    Plaintiff further alleges and avers that the alleged debt was time-barred by the statute of limitations

Case ID: 140701738

22      Plaintiff further alleges and avers that Defendant is not a proper assignee of the alleged debt and thus had no legal right to pursue recovery.

## CONSTRUCTION OF APPLICABLE LAW

23.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

24.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

25.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated

consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT

26.    In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

      a.  Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

      b.  Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

      c.  Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

      d.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, QUANTZ WALTON, respectfully prays for a judgment as follows:

      a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.    Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.     Any other relief deemed appropriate by this Honorable

Court.

DAVIS CONSUMER LAW FIRM

By:

Fred Davis-PA ID# 93907
Attorney for Plaintiff, QUANTZ WALTON
500 Office Center Drive-Suite 400
Ft. Washington, PA   19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

## V E R I F I C A T I O N

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

Fred Davis-PA ID# 93907
Attorney for Pltf, QUANTZ WALTON
500 Office Center Drive-Suite 400
Ft. Washington, PA    19034
(T)1-855-432-8475;(F)-855-435-9294
Email-fdavis@usacreditlawyer.com

Case ID: 140701738



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge   Patricia R. McDermott, Deputy Court Administrator

## STATEMENT OF CLAIM

Code: Consumer Purchase - (4)

SC/CP: # SC-14-01-14-4434

| Plaintiff(s) | Defendant(s) |
|---|---|
| MIDLAND FUNDING LLC<br>8875 AERO DRIVE SUITE 200<br>SAN DIEGO, CA 92123 | QUANTZ WALTON<br>316 W EARLHAM TER<br>PHILADELPHIA, PA 19144 |

Service Address (information) if other than above:

*To the Defendant: Plaintiff is seeking a money judgment against the Defendant(s) based on the following claim:*
Plaintiff is the owner of a certain credit account (hereafter, "the Account") by virtue of the assignment of the Account, as set forth in the records maintained on plaintiff's behalf. As a result of the assignment, Plaintiff now holds all rights, title and interest in and to the Account. Records further reflect that defendant entered into a credit agreement with CAPITAL ONE BANK (USA), N(original creditor) for the Account bearing number XXXXXXXXXXXX0566 and used or authorized the use of the Account to obtain goods and/or services and/or cash advances. The account shows that the defendant owes a balance of $1,323.04.

WWR# 20233331

## Summons to the Defendant
You are hereby ordered to appear at a hearing scheduled as follows:
### Citation al Demandado
Por la presenta, Usted esta dirljido a presentarse a la siguiente:

1339 Chestnut Street 6th Floor
Philadelphia, PA 19107
Hearing Room: 5

March 20th, 2014

01:00 PM

## Amount Claimed

| | | |
|---|---|---|
| Principal | $ | 1323.04 |
| Interest | $ | 0.00 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| Subtotal | $ | 1323.04 |
| Service | $ | 0.00 |
| State Fee | $ | 13.00 |
| Automation Fee | $ | 5.50 |
| Convenience Fee | $ | 5.00 |
| JCS St. Add. Surcharge | $ | 11.25 |
| JCS St. Add. Fee | $ | 2.25 |
| Court Costs | $ | 22.00 |
| **TOTAL CLAIMED** | $ | 1379.04 |

Date Filed: 01/14/2014

I am a plaintiff in this statement of claims action. I hereby verify that I am authorized to make this verification and that the facts set forth above are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities.

— *PLTF EXHIBIT "A"* —

MICHAEL J DOUGHERTY

Signature Plaintiff/Attorney
Atty ID #: 076046

Address & 325 CHESTNUT STREET STE. 501
Phone       PHILADELPHIA, PA 19106
            215-599-1500

NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT.
PLEASE SEE ATTACHED NOTICES

AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. YEA FUR FAVOR
LOS AVISOS ASOCIADOS.

If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.

Case ID: 140701738

Verification

Rhonda Schubloom, whose business address is 16 Mcleland Road Suite 101, St. Cloud, MN 56303, certifies and says:

1.      I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's CAPITAL ONE BANK (USA), N.A. account XXXXXXXXXXXXX0565 (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this verification on plaintiff's behalf.

2.      Based upon my review of MCM's business records: 1) defendant(s) opened the CAPITAL ONE BANK (USA), N.A. account on 1995-05-04; 2) the account was charged off on 2009-01-20; and 3) the last payment posted to the account on 2011-01-31.

3.      MCM's records show that the defendant(s) owed a balance of $1323.04 as of 2013-11-27.

4.      Attached hereto are records regarding the account and/or payment(s) received.

I certify under penalty of perjury that the foregoing statements are true and correct. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

DEC 1 3 2013

_____
Date

_____
Rhonda Schubloom

OH14
Weltman, Weinberg & Reis. Co., L.P.A

  

- PLTF EXHIBIT "B" -

---

Page - 1

8538681679          AFFRECORDMEDIA          20233331

Case ID: 140701738

Return Mail Only - No Correspondence
Dept. 12421
PO Box 603
Oaks, PA 19456



Midland Credit
Management, Inc.

| MCM Account Number | |
| --- | --- |
| | 8538681679 |
| Original Creditor | |
| CAPITAL ONE BANK (USA), N.A. | |
| CURRENT BALANCE | |
| | $1,965.17 |
| | 05-05-2013 |

04-05-2013

*BWNKLTn                        16322-405
*0900 0852 8681 6798*
QUANTZ A WALTON
316 WEST EARLHAM TER
PHILADELPHIA, PA 19144-3920

**PRE-LEGAL NOTIFICATION**

Dear QUANTZ WALTON,

Midland Credit Management, Inc. has made several attempts to contact you regarding this account  This letter is to inform you that we are considering forwarding this account to an attorney in your state for possible litigation. Upon receipt of this notice, please call immediately to discuss your options.

If we don't hear from you or receive payment by 05-05-2013, we may proceed with forwarding this account to an attorney.

**What do you need to do to stop this process from continuing?**

1) Mail in $250 and call to set up your remaining payments, or
2) Call us today to see how to qualify for discounts and affordable payment plans

LET US HELP YOU! If the account goes to an attorney, our flexible options may no longer be available to you. There is still an opportunity to make arrangements with us. We encourage you to call us today:
(800) 939-2353

Midland Credit Management
(800) 939-2353

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION AND ADDITIONAL DETAILS ABOUT YOUR ACCOUNT.



**WHY NOW?**

• This may be your last chance to work with us before the account goes to an attorney.

• After receiving your final payment, we will consider the account PAID IN FULL and the three major credit reporting agencies will be updated accordingly.

**CALL US TODAY!**
(800) 939-2353

Hours of Operation:
M-Th 6am - 7pm;
Fri 6am - 5pm;
Sat 6am - 2:30pm Pacific Time

— *PLTP   EXHIBIT   "C"* —

Please tear off and return lower portion with payment in the envelope provided

**PAYMENT COUPON**

MCM Account No.:     8538681679
Original Account No.:  412174704109056
Current Balance:      $1,965.17

**Payment Due Date: 06-05-2013**

Amount Enclosed: _____

Make check payable to:  Midland Credit
Management, Inc

For ease and convenience, make payments online and view additional offers at:
www.midlandcreditonline.com

mcm Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

20233331

12 8538681679 8 0196517 050513 3

Case ID: 140701738



Return Mail Only - No Correspondence
Dept. 12421
PO Box 603
Oaks, PA 19456

| STATEMENT | | | |
|---|---|---|---|
| MCM Account #:  8538681679 | | Previous Balance: $1,323.04 | |
| Original Account #:  4121747041090566 | | Interest Rate: 23.1% | |
| Statement Date: 04-05-2013 | Due Date:   05-05-2013 | Accrued Interest: $842.13 | |
| Current Owner: Midland Funding LLC | Original Creditor: CAPITAL ONE BANK (USA), N.A. | Current Balance: $1,965.17 | |

| Due Date | Date Received | Transactions | Amount |
|---|---|---|---|
| 05-05-2013 | 04-05-2013 | The above-referenced account was purchased by Midland Funding LLC and is serviced by Midland Credit Management, Inc ("MCM").  The balance of $1,965.17 is due now<br><br>Please direct all correspondence to: Midland Credit Management, Inc. | $1,965.17 |
| | | | Current Balance: $1,965.17 |

Please understand this communication is from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

   Calls to and/or from this company may be monitored or recorded.

MAIL PAYMENTS TO: P.O. Box 60578, Los Angeles, CA 90060-0578

MAIL CORRESPONDENCE BUT NO PAYMENTS TO: MCM's business address at 8875 Aero Drive, Suite 200, San Diego, CA 92123

As of the date of this letter, you owe $1,965.17, which remains the amount due until 05-05-2013. If you do not pay $1,965.17 by 05-05-2013, because of interest that may vary from day to day, the amount due on the day you pay may be greater. To obtain an exact payoff amount, or for further information, please call on of our Account Managers at (800) 939-2353.

20233331

Case ID: 140701738



**PHILADELPHIA MUNICIPAL COURT**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge     Patricia R. McDermott, Deputy Court Administrator

# SC-14-01-14-4434

| | |
|---|---|
| MIDLAND FUNDING LLC<br>8875 AERO DRIVE SUITE 200<br>SAN DIEGO, CA 92123 | QUANTZ WALTON<br>316 W EARLHAM TER<br>PHILADELPHIA, PA 19144 |
| *Plaintiff* | *Defendant(s)* |

MICHAEL J DOUGHERTY

Plaintiff/Attorney
Attorney #    076046

**Address &**    325 CHESTNUT STREET STE. 501
**Phone**        PHILADELPHIA, PA 19106
                 215-599-1500

# ORDER

**AND NOW,** to wit this ___29th___ day of _____May_____, ___2014___, upon consideration of the above captioned complaint, it is hereby ordered and decreed that the above captioned case be marked as follows:

TapeID: 6 Start Position: 10:50AM End Position: 10:57AM

Judgment for Defendant.

— *PCTF EXNION* "*O*" —

**BY THE COURT:**

Karen Yvette Simmons          (K.M.)
                                  **J.**

51 (07AN01)

Case ID: 140701738

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Quantz Walton c/o Fred Davis, Esq. - Davis Consumer Law Firm, 500 Office Ctr Drive, Suite 400, Ft. Washington PA 19034  1-855-432-8475

Address of Defendant: Midland Funding, LLC c/o Lawrence J. Bartel, Esquire 2000 Market Street, Suite 2300 Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Philadelphia County, Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes ☐    No ☑

Does this case involve multidistrict litigation possibilities?      Yes ☐    No ☑

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
      Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
      Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
      Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
      Yes ☐    No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
      (Please specify)  FAIR Debt Collection Practices Act

B.  *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
      (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
      (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Lawrence J. Bartel , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** August 11, 2014        Lawrence J. Bartel        94006
                      Attorney-at-Law                      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:** August 11, 2014        Lawrence J. Bartel        94006
                      Attorney-at-Law                      Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| QUANTZ WALTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MIDLAND FUNDING, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b)    Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c)    Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d)    Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e)    Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f)    Standard Management--Cases that do not fall into any one of the other tracks.    (X)

August 11, 2014                      _Lawrence J. Bartel_                    Defendant, Midland Funding, LLC
Date                                        Attorney-at-law                         Attorney for
                                              Lawrence J. Bartel,
                                              Esquire.

                                                                                    Ljbartel@mdwcg.com

(215) 575-2780                       (215) 575-0856
Telephone                             FAX Number                           E-Mail Address

(Civ. 660)  10/02

551629

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)    Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)    Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See § 1.02(e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.